JUDGE BERMAN

15 CV 00031

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

BRIAN GARCIA,

Plaintiff,

-against-

CITY OF NEW YORK; and JOHN and JANE
DOE 1 through 10, individually and in their official
capacities (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

Defendants.

------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded



## NATURE OF THE ACTION

1.      This is an action to recover money damages arising out of the violation
of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the
Fourth and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343
and 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.      This Court has supplemental jurisdiction over the New York State
claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6.      Plaintiff demands a trial by jury in this action.

## PARTIES

7.      Plaintiff Brian Garcia ("plaintiff" or "Mr. Garcia") is a resident of New York County in the City and State of New York.

8.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the Department of Correction ("DOC"), a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of correction officers and supervisory correction officers, including the individually named defendants herein.

9.      At all times relevant defendants John and Jane Doe 1 through 10 were correction officers or supervisors employed by the DOC.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and DOC. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12.     At approximately 9:30 p.m. on October 11, 2013, Mr. Garcia was incarcerated in the George R. Vierno Center jail on Rikers Island ("GRVC").

13.     Mr. Garcia was in the dayroom of his housing area when he witnessed a violent inmate on inmate assault.

14.     Upon information and belief, at least two correction officers were present in plaintiff's housing area at the time the assault took place, with additional officers inside the security booth commonly referred to as "the bubble."

15.     No correction officer attempted to intervene and stop the assault Mr. Garcia witnessed, to apprehend the perpetrator or to come to the victim's aid.

16.     After Mr. Garcia witnessed the assault, he saw the victim go into the bathroom and emerge holding what appeared to be a sharp object.

17.     For several minutes, the victim menaced Mr. Garcia and other inmates and chased Mr. Garcia around the day room, in plain view of the DOC staff assigned there.

18.     Even though the defendant officers were fully aware that Mr. Garcia faced an imminent and preventable risk of serious physical injury and they were in a position and had a reasonable opportunity to do so, none of the defendants made any attempt to intervene, to disarm or apprehend the inmate who was chasing Mr. Garcia, to signal an alarm or to otherwise protect Mr. Garcia in any way.

19.    By his own wits, Mr. Garcia managed for several minutes to evade his assailant and escape from the day room.

20.    Correction staff continued to watch and do nothing for several more minutes as Mr. Garcia desperately ran around the housing area trying to avoid his assailant, who continue to pursue Mr. Garcia.

21.    Mr. Garcia was ultimately caught and, as correction staff observed and did nothing, viciously attacked, suffering severe physical injuries, including an orbital blowout fracture of his right eye requiring surgery, slashes to his face requiring approximately 36 stitches, slashes to his body requiring additional stitches, a chipped tooth and other injuries.

22.    Still without assistance and grievously injured, Mr. Garcia finally managed to make it out of the housing area on his own, putting an end to the assault.

23.    Mr. Garcia was taken to a clinic on Rikers Island and, ultimately, to Elmhurst Hospital, for treatment of his injuries.

24.    Even though they knew Mr. Garcia had done nothing wrong, in an effort to conceal their own culpable conduct, the defendant officers infracted Mr. Garcia and he was required to defend the false charges arising from those infractions.

25.    The infractions against Mr. Garcia were ultimately dismissed.

26.    Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

27.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

28.     This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

29.     Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, permanent bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

### FIRST CLAIM
### Municipal Liability – *Monell*

30.     The City of New York has an unconstitutional policy, practice and/or custom in connection with the management and staffing of its Rikers Island jails, including GRVC.

31.     At all relevant times, GRVC was inadequately staffed.

32.     At all relevant times, incidents of inmate violence were not accurately or completely reported, and no legitimate effort was made to prevent them.

33.     At all relevant times, DOC failed to implement adequate safeguards to prevent the possession of weapons by inmates, including the weapon used to injure plaintiff in this case.

34.     At all relevant times, violent inmates were insufficiently punished.

35.    As a consequence of these failures, and the negligent and intentional misconduct described herein, GRVC has had, at all relevant times, a culture of violence.

36.    The City of New York is also liable for its deliberate indifference to the consequences of the policy, practice and/or custom, and for failing to train, supervise and/or discipline those employees responsible for creating, promulgating and perpetuating this policy, practice and/or custom.

37.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### SECOND CLAIM
### Malicious Abuse Of Process

38.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39.    The individual defendants issued legal process to infract Mr. Garcia.

40.    The individual defendants infracted plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their own culpable conduct in allowing plaintiff to be assaulted.

41.    The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

-6-

42.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Negligence; Negligent Hiring/Training/Retention

43.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44.     Defendant City, through the DOC, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

45.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

46.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

47.     Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

48.     The individual defendants' conduct as described herein constituted negligence.

49.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Negligent Infliction of Emotional Distress

50.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51.     By reason of the foregoing, the defendants, acting in their capacities as DOC officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

52.     The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as DOC officers.

53.     Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

54.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Deliberate Indifference

55.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56.     The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

57.     Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff.

58.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

59.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

60.     Those defendants that were present and observed the events described herein had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

61.     Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

62.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:       January 2, 2015
             New York, New York

HARVIS WRIGHT & FETT LLP

Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwf.nyc

*Attorneys for plaintiff*

-10-